```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

BASSI & BELLOTTI S.p.A.          :

    v.                            :     Civil Action No. DKC 08-1309

                                   :

TRANSCONTINENTAL GRANITE,
INC., et al.                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are Plaintiff's objections to Magistrate Judge Connelly's July 13, 2010 Order and July 15, 2010 evidentiary rulings during the deposition of Defendant Thomas Passarelli (Paper 128) and Defendant's motion for leave to file a motion for sanctions (Paper 130). The issues have been fully briefed and no hearing is necessary. Local Rule 105.6. For the reasons that follow, Plaintiff's objections will be overruled and Defendant's motion will be denied.

**I. Background**

Plaintiff's objections arise in a suit for breach of contract, fraudulent conveyance, and unjust enrichment. The case was referred to Magistrate Judge Connelly for resolution of all discovery disputes and for determination of non-dispositive matters. Presently at issue are Plaintiff's objections to Magistrate Judge Connelly's rulings in a July 13, 2010 order regarding the sufficiency and timeliness of Defendant Thomas

Passarelli's objections to Plaintiff's Request for Documents served along with Defendant Passarelli's personal deposition notice and Plaintiff's objections to two of Judge Connelly's evidentiary rulings made while Defendant Passarelli's deposition was in progress on July 15, 2010.

Because Plaintiff's objections are to rulings regarding the relevancy of certain discovery requests, a brief background on the underlying factual issues of the case is necessary. Plaintiff Bassi & Belotti, S.p.A. is an Italian corporation registered to do business in Maryland. Defendant Thomas Passarelli is the President and Director of Defendant Transcontinental Granite Inc., ("Transcontinental") a company incorporated in Virginia and in the business of selling kitchen and bathroom counter tops through retail stores in Maryland, Virginia, North Carolina, and Georgia. (Paper 30 ¶¶ 1-3). Between October 11, 2006, and November 11, 2007, Plaintiff sold a quantity of granite slabs to Transcontinental. (*Id.* at ¶ 8). Plaintiff's amended complaint alleges that Transcontinental failed to pay for a quantity of these slabs totaling € 364,543.64. (*Id.* at ¶ 17).[1] After receipt of the slabs,

---

[1] Plaintiff filed a Motion for Leave to File a Second Amended Complaint on August 16, 2010. (Paper 131). This motion is still pending before the court. In this Memorandum Opinion, references to the complaint are to the First Amended Complaint.

Defendant Passarelli allegedly sold Transcontinental to Defendant Artin Afsharjavan. (*Id.* at ¶ 9). Plaintiff alleges that this sale was a fraudulent conveyance from Transcontinental to Afsharjavan (count II) and that as a result Defendants Passarelli and Afsharjavan were unjustly enriched (counts III and IV). (*Id.* at ¶¶ 18-27).[2]

The rulings at issue relate to Plaintiff's discovery requests to Defendant Passarelli pertaining to counts II and III of the complaint. On May 21, 2010, Magistrate Judge Connelly conducted a hearing on Plaintiff's motion to reinstate the automatic disclosure requirements of Fed.R.Civ.P. 26(a) and also set deadlines for the close of discovery and dispositive briefing. (Paper 120). While Magistrate Judge Connelly denied Plaintiff's motion to reinstate the automatic disclosure requirements, he did grant Plaintiff leave to conduct a deposition of Defendant Passarelli in his personal capacity (he was previously deposed as a 30(b)(6) witness for Transcontinental), not to exceed three hours, limited to counts II and III, and restricted to the time period from January 1, 2008, to the present. (Paper 119). On June 15, 2010, Plaintiff served Defendant Passarelli with a notice of deposition and

---

[2] Plaintiff also asserted two counts against Defendant Stone Surfaces MD, Inc. (counts V and VI). These claims are currently subject to an automatic bankruptcy stay. (*See* Paper 90).

3

eighteen requests for production of documents. (Paper 128, Exhibit B). Defendant Passarelli served his objections to the document requests on June 23, 2010. (*Id.*, Exhibit C). On July 9, 2010, Plaintiff submitted a letter to Magistrate Judge Connelly requesting that Defendant Passarelli's objections be deemed waived for failing to comply with the specificity requirements of the Federal Rules. (Paper 122). On July 12, 2010, Defendant Passarelli responded to this de facto motion to compel and proposed limitations on the scope of the document requests. (Paper 125). On July 13, 2010, Magistrate Judge Connelly issued a Paperless Order responding to the parties' dispute and directing Defendant Passarelli to produce at his deposition the following:

> 1) Any documents that bear upon Passarelli's personal intent or state of mind with respect to the transfer of Transcontinental Granite's assets to Artin Afsharjavan; and
> 2) Any documents reflecting money or property Passarelli received from Artin Afsharjavan in connection with the alleged fraudulent transfer of granite that Bassi & Bellotti S.p.A. sold to Transcontinental Granite. All other requested [production] is denied.

(Paper 127). Plaintiff objects to this ruling both because it did not find that Defendant Passarelli's objections had been waived for lack of specificity and because it allegedly denied Plaintiff access to relevant documents. (Paper 128, at 4-5).

4

Then, during the deposition of Defendant Passarelli on July 15, 2010, the parties consulted with Magistrate Judge Connelly for rulings on objections to questions. On two occasions, Judge Connelly sustained Defendant Passarelli's objections. Specifically, Judge Connelly ruled that information regarding Defendant Passarelli's personal bank account used to purchase granite from Plaintiff and information regarding Transcontinental's bank records concerning payments made by Defendant Afsharjavan to Transcontinental were not relevant to counts II and III.

On July 29, 2010, Plaintiff filed its objections to Magistrate Judge Connelly's July 13th and July 15th rulings. (Paper 128). Defendant Passarelli responded in opposition on August 5, 2010, and sought leave to file a motion for sanctions. (Paper 130). Plaintiff filed a reply on August 19, 2010. (Paper 133).

**II. Standard of Review**

Under 28 U.S.C. § 636(b)(1)(A), non-dispositive pretrial matters may be referred to a magistrate judge for hearing and determination. A district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.; see also* Fed.R.Civ.P. 72(a). Under the clearly erroneous standard, the

5

reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. *Int'l Ass'n of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 486 (D.Md. 2005)(citing *Tri-Star Airlines, Inc. v. Willis Careen Corp.*, 75 F.Supp.2d 835, 839 (W.D.Tenn. 1999)). Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D.Md. 2002).

**III. Analysis**

    **A.   Timeliness of Objections**

Defendant argues that Plaintiff's objections to Magistrate Judge Connelly's July 13, 2010 Order should be rejected as untimely. (Paper 130, at 4-5). Fed.R.Civ.P. 72(a) provides that an objection to a magistrate judge's nondispositive order must be served and filed within fourteen (14) days of the service of the order. Local Rule 301.5(a), on the other hand, provides that the objections must be served and filed within 14 days of the entry of the order. Fed.R.Civ.P. 6(d) adds 3 days to the period if a party may act within a specified time after service, but not if the act is required after an order is

entered. This ambiguity will be resolved in favor of the party filing objections. Plaintiff's objections were, thus, timely.

**B. Magistrate Judge Connelly's July 13, 2010 Order**

Plaintiff contends that Magistrate Judge Connelly's July 13, 2010 order was clearly erroneous because (1) Defendant Passarelli had waived his objections to the document requests by failing specifically to object to each request, (2) Magistrate Judge Connelly failed specifically to address each of the requests along with its objection, and (3) the requests sought relevant, discoverable documents. (Paper 128, at 7). Defendant counters that there is no legal requirement that Magistrate Judge Connelly must offer a separate analysis and ruling for each objection and that the information sought in the denied requests was not relevant. (Paper 130, at 5-6).

The Federal Rules of Civil Procedure freely permit discovery that is broad in scope and grant district courts "broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993)(quoting *In re Multi-Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C.Cir. 1981))(alterations in original)). Although in some cases, as in the Judge Grimm opinion cited by Plaintiff, courts have found that objections to discovery requests lacking in specificity are waived, such a ruling is not mandated in all situations and the

7

opinion from *Mancia v. Mayflower Textile Services Co.* is not binding authority for all other cases in this jurisdiction. Magistrate Judge Connelly had significant leeway to evaluate the propriety and merits of Defendant Passarelli's objections, and Plaintiff has not identified any aspect of his ruling that was clearly erroneous or contrary to law.[3]

Moreover, as the very opinion that Plaintiff championed points out, the Federal Rules do impose an obligation upon courts to limit the frequency or extent of discovery sought in certain circumstances, such as when the discovery requested is unreasonably duplicative or cumulative, or the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the importance of the issues at stake in the action, and the importance of the discovery in resolving those issues. *See Mancia v. Mayflower Textile Servs. Co.*, No. 1:08-CV-00273, at *26-27 (D.Md. Oct. 15, 2008)(citing Fed.R.Civ.P. 26(b)(2)(C)(i-iii)). Thus, irrespective of whether Defendant Passarelli's objections were properly made, Magistrate Judge Connelly was authorized and perhaps obligated to limit the scope of Plaintiff's document requests.

---

[3] Likewise Plaintiff cited no authority for the proposition that the failure to rule on the sufficiency of objections to discovery requests one by one, rather than as a whole, constitutes clear error.

Plaintiff has not shown that Magistrate Judge Connelly's relevancy determination was clearly erroneous. Parties are permitted to discover material relevant to the claims and defenses asserted in a case; they are not entitled to every document they request. The claims at issue, here fraudulent conveyance and unjust enrichment, define the relevant scope of discovery.

Beginning with fraudulent conveyance, the relevant law is Md. Ann. Code, Commercial Law, § 15-201 *et. seq.* Pursuant to the statute, a creditor may seek to set aside a conveyance, or levy or garnish the property transferred under § 15-209 if the creditor demonstrates that a conveyance was made without fair consideration and either (1) was committed by a person who is or will be rendered insolvent by the conveyance (§ 15-204), (2) was committed by a person engaged or about to be engaged in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital (§ 15-205), or (3) was committed by a person who intends to or believes that he will incur debts beyond his ability to pay when he undertakes the conveyance (§ 15-206).

The only fraudulent conveyance count that Plaintiff has alleged relating to Defendant Passarelli is that when Defendant Passarelli transferred the assets of Transcontinental Granite to Defendant Afsharjavan, the transfer was made "with the actual

9

intention to hinder, delay, or defraud Transcontinental Granite's creditors." (Paper 30 ¶ 19). Plaintiff never alleged that any assets were fraudulently conveyed to Defendant Passarelli, or that Defendant Passarelli's personal assets were fraudulently conveyed to another party. Accordingly, it was entirely reasonable for Magistrate Judge Connelly to limit the scope of Plaintiff's discovery requests to documents that relate to Defendant Passarelli's state of mind and intent at the time when Transcontinental's assets were conveyed to Afsharjavan. Documents regarding Defendant Passarelli's personal finances and personal travel have no bearing on the issues at stake for count II.

In Maryland, a claim of unjust enrichment consists of three elements: (1) the plaintiff confers a benefit upon the defendant, (2) the defendant knows or appreciates the benefit, and (3) the defendant accepts or retains the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007). The unjust enrichment alleged by Plaintiff in count III of the complaint is that Defendant Passarelli was unjustly enriched by the monies and property he received in transferring Transcontinental's property to Defendant Afsharjavan. (Paper 30 ¶ 23). Plaintiff's complaint does not allege any other

instances in which Defendant Passarelli was unjustly enriched.[4] Therefore it was also within Magistrate Judge Connelly's power and discretion to limit the scope of Plaintiff's document requests to "any documents reflecting money or property Passarelli received from Artin Afsharjavan in connection with the alleged fraudulent transfer of granite that Bassi & Bellotti S.p.A. sold to Transcontinental Granite." (Paper 127).

### C. Magistrate Judge Connelly's July 15, 2010 Orders

Plaintiff contends that Magistrate Judge Connelly's rulings during the July 15, 2010 deposition of Defendant Passarelli that the source of Defendant Passarelli's July 2007 payment to Plaintiff was irrelevant and that he did not have to produce Defendant Transcontinental's corporate bank records showing payments from Afsharjavan to Transcontinental were clearly erroneous. Plaintiff argues that both the question and document request sought relevant material. (Paper 128, at 5 and 11). Plaintiff further requests that the court issue a rule that prohibits Defendants from relying on documents that they refused to produce. (*Id.* at 11-12). Defendant counters that Magistrate

---

[4] Defendant Passarelli has intimated that this transfer does not constitute unjust enrichment because it does not involve any benefit conferred by Plaintiff to Defendant Passarelli, instead it involves a benefit conferred by one Defendant to another. (Paper 124, at 10-11). For the purposes of resolving this motion it is unnecessary to decide whether Plaintiff can ever recover for this claim.

Judge Connelly's rulings should be upheld because they appropriately limited the scope of discovery in accordance with the needs of the case and Magistrate Judge Connelly's prior order limiting the scope of the Defendant Passarelli's deposition. (Paper 130, at 7-8)(referencing Magistrate Judge Connelly's May 21, 2010 Order (Paper 119)).

Here too, Magistrate Judge Connelly's rulings were an appropriate regulation on discovery conduct and will be not be overturned. The limitations on the scope of Defendant Passarelli's deposition were appropriate to prevent inquiry into personal matters of no relevance to the disputed issues. In addition, Magistrate Judge Connelly was authorized under Rule 26(b)(2)(C)(i-iii) to prevent Plaintiff from forcing Defendant Passarelli to produce documents that belong to Transcontinental or answer questions on behalf of the company because Defendant Passarelli was appearing in his personal capacity and not as a 30(b)(6) corporate witness. The rulings were not clearly erroneous or contrary law and will not be overturned at this juncture.

Finally, Plaintiff's has not put forth sufficient justification for the court to issue a rule that Defendants Passarelli and Transcontinental cannot rely on requested documents that were not produced. (Paper 128, at 11-12). Plaintiff's memorandum fails to mention that while Magistrate

Judge Connelly did deny Plaintiff's request that Defendant Passarelli be ordered to produce the original versions of the two purchase and sale agreements between Defendants Transcontinental Granite and Afsharjavan, Magistrate Judge Connelly ordered Defendant Passarelli to make the originals available at his office for inspection to verify that the copies produced were true and accurate. (Paper 130, Exhibit 4). Plaintiff does not allege that Defendant Passarelli has refused to make the originals available for inspection. Under these circumstances there is no obvious justification to issue an order at this time prohibiting Defendants from using these documents as exhibits at trial. The court will rule on the admissibility of the exhibits at the appropriate time.

### D. Defendant Passarelli's Motion For Leave To File A Motion For Sanctions

Defendant Passarelli's opposition to Plaintiff's Objections also includes a motion for leave to file a motion for sanctions pursuant to Rule 11 against Plaintiff for the filing of this present motion. (Paper 130, at 10-11). Plaintiff did not address this request in its reply.

Defendant does not articulate in any detail the basis for which it believes sanctions are warranted under Rule 11, but merely states that "given the standard of review applicable to magistrates' rulings and the character of argument presented by

the plaintiff here," sanctions are warranted. (*Id.* at 11). Fed.R.Civ.P. 26(g) is the applicable rule for discovery abuses, not Rule 11, and any such motion should be addressed to Magistrate Judge Connelly.

**IV. Conclusion**

A review of the record demonstrates that Judge Connelly's orders were neither clearly erroneous nor contrary to law. Therefore, the objections are overruled and the orders are affirmed. Defendant's motion for leave to file a motion for sanctions is denied without prejudice.

                                          /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge